THE STATE OF NEW JERSEY, EX REL. JOSEPH BRADWAY, RELATOR, v. ARNE RASMUSSEN, RESPONDENT.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices CASE, DONGES and PORTER.

For the relator, *Lewis T. Stevens*.

For the respondent, *George T. Naame* and *Harry Tenenbaum*.

PER CURIAM.

This is on the return of a rule to show cause why a writ of *quo warranto* should not issue directing Arne Rasmussen to show by what warrant or authority he claims to be a member of the Board of Education of the city of Wildwood and why leave should not be granted to Joseph Bradway (who is designated in the papers as relator) to file an information in the said matter. The facts are simple and are stipulated. We have the matter fully before us, and apparently it is expected that we shall now determine the merits.

Wildwood is a commission-governed city. (1937 Revision, title 40, chapter 70.) On January 31st, 1938, Bradway, who claims the office and hereby seeks reinstatement, was appointed a member of the Board of Education of the city of Wildwood for a term of five years beginning February 1st, 1938, by Doris W. Bradway, then a commissioner, and, by selection, mayor of the city of Wildwood. On February 1st, 1938, he subscribed the oath of office, entered upon his duties and so continued until March 12th, 1938, when the Board of Commissioners revoked his appointment, declared a vacancy and appointed Rasmussen to fill the vacancy for the unexpired term. In the meanwhile, on February 18th, 1938, in accordance with a petition filed with the county clerk on December 31st, 1937, there was an election at which Doris W. Bradway was recalled from office and George W. Krogman was elected commissioner, and subsequently selected as mayor, in her

stead. The legality of the removal of Joseph Bradway from membership on the Board of Education and the appointment of Rasmussen in his place depends upon whether or not *plac.* 40:75-48 of the 1937 Revision applies. The statute reads: "After the incumbent"—who in this instance was Doris W. Bradway—"has been recalled and the nominee has succeeded him in the office of commissioner, the board may reorganize and reassign the various departments as provided in article 2 of chapter 72 of this title [40:72-2 *et seq.*]. It may also remove from office any person appointed by the commissioner who has been removed, if such appointment was made within six months from the time of the filing of the recall petition."

It is the contention of Bradway that the appointment to membership on the Board of Education is under the school law, is made by the mayor, is not subject to the approval of the city commissioners and therefore is not within the application of the statute cited *supra*. The authority for the appointment of members of the Board of Education is in the 1937 Revision at 18:6-4: "The board shall be appointed by the mayor or other chief executive officer." Under the commission form of municipal administration (40:72-10) the commissioners choose one of their number to preside at all meetings of the board and he is designated the mayor. By 40:75-25 it is provided that the word "commissioner" means *any person, including the mayor, occupying the office of commissioner* in a municipality having the commission form of government. An outstanding feature of commission government is the right of recall that lies with the electorate, and one of the results of a recall is, *supra,* that the commission when reorganized may remove any person appointed within the designated period by the commissioner who has been removed. In enacting that paragraph the legislature, as we believe, intended to put it within the power of the commission to undo all of the appointments made within the statutory period by a commissioner, including the appointments made by him as a mayor, if he be the mayor. There are obvious reasons for such a provision, as for instance that the commissioner who has incurred public disfavor and who is him-

self faced with possible removal may not ease his exit and prolong his influence and indirect power by putting his favorites in public office. The appointment of Joseph Bradway, made between the time of the filing of the recall petition and the date of the special election, is illustrative. We find that the removal power of the reorganized body extended to the appointment of the relator.

Leave will not be granted. The rule to show cause will be discharged, with costs.